UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MELVIN C. LEWIS,

                                             Plaintiff,

                         v.                                                            9:06-CV-504
                                                                                      (FJS/RFT)

GLENN S. GOORD, Commissioner, Department
of Correctional Services; H. D. GRAHAM,
Superintendent, Auburn Correctional
Facility; DAVID STALLONE, Deputy
Superintendent, Auburn Correctional Facility;
and Supervisory Staff,

                                             Defendants.
_____

APPEARANCES                                                   OF COUNSEL

MELVIN C. LEWIS
00-B-1401
Auburn Correctional Facility
P. O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

OFFICE OF THE NEW YORK                          JAIME IRENE ROTH, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

    The Clerk of the Court has sent Plaintiff Melvin C. Lewis' motion for preliminary

injunctive relief to the Court for consideration.[1]

In his complaint, Plaintiff states that in February 2000, he was placed on "limited privileges" status after refusing to accept an academic program assignment at Auburn Correctional Facility.[2] Plaintiff alleges that he was not afforded a hearing in connection with this change in his status, and he claims that this action violated his constitutional and civil rights. *See* Dkt. No. 1.

By Order dated June 29, 2006, Magistrate Judge Treece granted Plaintiff leave to proceed with this action *in forma pauperis* and directed the U.S. Marshals Service to effect service of the summons and complaint on Defendants. *See* Dkt. No. 4. Subsequently, Defendants filed a motion to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 16.[3]

## II. DISCUSSION

**A.    Preliminary injunction standard**

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). In most cases, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently

---

[1] Defendants did not file any papers in opposition to this motion.

[2] Plaintiff does not believe that the educational program will materially benefit him or assist in his reentry into society and, therefore, he has requested an assignment to a work program. *See* Dkt. No. 1 at Supporting Facts at ¶ 7.

[3] The Court has referred this motion to Magistrate Judge Treece for his consideration.

serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quotation and other citation omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. *See id.* (quotation omitted).

In his motion, Plaintiff seeks to have the Court direct Defendants to restore his full privileges.[4] Since the relief that Plaintiff seeks will alter the status quo and afford him substantially all of the relief he seeks in his complaint, the Court will treat Plaintiff's motion as one that seeks mandatory rather than prohibitory relief; and, therefore, Plaintiff must make a clear or substantial showing of the likelihood of success on the merits of his claim as well as irreparable harm.

**B.    Irreparable harm**

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, No. 96-CV-1097, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (quotation and other citations omitted). Speculative, remote or

---

[4] The nature and extent of limited-privlileges status is set forth in Department of Correctional Services' memoranda, which Plaintiff has attached to his complaint. *See* Dkt. No. 1. An inmate may terminate his limited-privilege status by accepting the assignment that the Program Committee offered him. *See id.*

future injury is not the province of injunctive relief. *See Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Encore Credit Corp. v. LaMattina*, No. CV-05-5442, 2006 WL 148909, *5 (citation omitted).

In this case, Plaintiff has failed to demonstrate that the limitation of his privileges is likely to cause him to suffer imminent harm which is irreparable and which money damages cannot fully remedy. Indeed, Plaintiff's motion is conclusory in nature and does not identify any specific harms that Plaintiff claims he has suffered. For example, although Plaintiff complains that the curtailment of his right to use the law library has prevented him from litigating with the courts,[5] *see* Dkt. No. 1 attached ¶ 11, he does not assert that any nonfrivolous claims have been frustrated or that he has otherwise suffered any actual harm, *see Lewis v. Casey*, 518 U.S. 343, 351 (1996). Similarly, Plaintiff's claims arising out of the loss of commissary privileges do not demonstrate that he is likely to suffer irreparable injury if his full privileges are not restored. Therefore, the Court finds that Plaintiff's allegations are insufficient to warrant this extraordinary remedy.

**C.     Likelihood of success on the merits**

Since Plaintiff is seeking a mandatory injunction, he must make a clear or substantial showing of the likelihood that he will succeed on the merits of his claims. Plaintiff claims that the Department of Corrections' limited-privileges policy is unconstitutional and that unnamed corrections officers, who are not parties to this action, have restricted his privileges beyond the

---

[5] Prisoners with limited-privileges status may have legal materials delivered to them in their cell. *See* Dkt. No. 1.

limits that this policy contemplates in violation of his rights.  *See* Dkt. No. 1 at attached ¶¶ 11-15.

After reviewing the complaint and Plaintiff's motion, the Court finds that Plaintiff has not made the showing required to grant the requested relief.  In *Rivera v. Senkowski*, 62 F.3d 80, 85 (2d Cir. 1995), the Second Circuit stated that "[g]iven the minimal restrictions occasioned by limited-privileges status, and the . . . policy providing that an inmate can remove himself from this status anytime he accepts a program assignment," an inmate's placement in limited-privileges status without more does not constitute a violation of constitutional rights.[6]  In light of *Rivera*, Plaintiff cannot establish *any*, let along a clear or substantial, likelihood of success on the merits of his claim.  Therefore, his challenge to the limited-privileges policy does not warrant the grant of preliminary injunctive relief.  As to Plaintiff's allegations that he has had to endure more severe restrictions, the Court finds that Plaintiff has not set forth any facts to support these allegations.  Finally, as noted, the individuals responsible for these alleged deprivations are not Defendants in this action, and there is no basis in the present record upon which the Court could reasonably find that Plaintiff has made a clear or substantial showing of a likelihood of success on the merits of his claims or that sufficiently serious questions exist going to the merits of the claims to make them a fair ground for litigation and that the balance of hardships tips decidedly in his favor.

### III. CONCLUSION

Accordingly, having reviewed the entire matter in this case and the applicable law, and

---

[6] According to Plaintiff, the Department of Corrections first implemented its limited-privileges policy in 1985.  *See* Dkt. No. 1 at attached ¶ 6.

for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for preliminary injunctive relief is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: December 22, 2006
          Syracuse, New York

                                                                    /s/ Frederick J. Scullin
                                                            Frederick J. Scullin, Jr.
                                                            Senior United States District Court Judge