**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MELVIN C. LEWIS,

                                        Plaintiff,

        - v -                                                   Civ. No. 9:06-CV-504
                                                                         (FJS/RFT)

GLENN S. GOORD, DOCS Commissioner;
H.D. GRAHAM, Superintendent of Auburn Correctional Facility;
DAVID STALLONE, Deputy Superintendent;
SUPERVISORY STAFF,

                                        Defendants.


**APPEARANCES:**                                    **OF COUNSEL:**

MELVIN C. LEWIS
Plaintiff, *Pro Se*
00-B-1401
Eastern N.Y. Correctional Facility
P.O. Box 338
Napanoch, N.Y. 12458

HON. ANDREW CUOMO                          JAIME I. ROTH, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Defendants Goord, Graham and Stallone
The Capitol
Albany, N.Y. 12224


**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Melvin Lewis brings this civil action, pursuant to 42 U.S.C. § 1985, alleging

conspiracy to violate his constitutional rights as guaranteed under the First, Fifth, Sixth, Eighth,

Fourteenth, and Twenty-Fourth Amendments.  Dkt. No. 1, Compl. at [unnumbered] pp. 1 & 5,[1] Causes of Action.  Plaintiff also claims the Defendants violated 18 U.S.C. § 241, a criminal statute, and the Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. §§ 1961-1968.[2] *Id*. at p. 5.  Specifically, Plaintiff claims that Defendants conspired to implement an unconstitutional policy that forced Plaintiff to either participate in an educational program or be placed on "limited privileges" status.  *Id*. at ¶¶ 2-7.  Based on Plaintiff's Complaint, it initially appeared to us that he intended to make claims under both 42 U.S.C. §§ 1983 and 1985.  *See* Compl. at p. 1.  The Defendants' Motion to Dismiss confirms this reasonable interpretation.  *See* Dkt. No. 16, Defs' Mem. of Law (addressing Plaintiff's claims of constitutional violations under 42 U.S.C. § 1983).  However, Plaintiff clarifies in his Response to the Defendants' Motion to Dismiss that he brings claims pursuant to 42 U.S.C § 1985 only.  Dkt. No. 18, Pl.'s Resp. at p. 2 (stating "this actio[n is brought] pursuant to 42 USCA § 1985, and not 1983 as alleged by the defendant's [sic]").  Plaintiff's clarification is consistent with his Complaint, which focuses on the 42 U.S.C. § 1985 claim and only once mentions 42 U.S.C. § 1983 on the first page.  *See generally* Compl.  Therefore, we will not address any claims or potential claims under 42 U.S.C. § 1983.

Defendants now bring a Motion to Dismiss for failure to state a claim upon which relief can be granted.  Dkt. No. 16.  Plaintiff opposes the Motion.  Dkt. No. 18.  For the following reasons, it is recommended that the Motion to Dismiss be **GRANTED.**

---

[1] Plaintiff did not number the pages of his Complaint nor place any indicator on the Exhibits attached thereto. He did number the paragraphs in the Complaint which we refer to when possible.  For ease of reference, we have numbered the pages of the Complaint and letter-named the attached Exhibits.

[2] Plaintiff references the "RICO Act of 1961 Corrupt Institution[al] Activities," which we assume is meant to signify the Racketeer Influenced and Corrupt Organizations Act, codified as 18 U.S.C. §§ 1961-1968.  *See* Compl. at p. 5.

# I. FACTS

The following facts are derived from the Complaint, which, in accordance with the standard of review explained below, must be taken as true. Defendant Graham, as Superintendent of the Auburn Correctional Facility, announced a policy to the inmate population in an Interdepartmental Communication, dated January 13, 2006, regarding participation in programs. Dkt. No. 1, Ex. A, Interdeparmental Commc'n, dated Jan. 13, 2006. That memo states:

> In order to follow the Departmental mandate that all inmates be programmed, the following changes will be made to inmates assigned to Limited Privileges.
>
> Whenever an inmate refuses to accept a program offered by the Program Committee, he will be assigned to limited privileges.
>
> Inmates assigned to limited privileges will receive one hour outdoor exercise in the Keeplock Yard. They will lose the following privileges: movies, Commissary, pay, phone home, regular Library, Special Events, all evening programs, packages and will not be allowed to attend Law Library. Appropriate legal materials will be delivered by the Law Library upon request.
>
> Limited privilege inmates will only receive 3 showers per week in the cell block on the 3-11 shift.
>
> In addition to these restrictions, when the inmate appears before the [T]ime Allowance Committee, they will consider the entire institutional record, including good behavior, efficient and willing performance of duties assigned and progress and achievements in assigned programs.
>
> Additionally, you will not be allowed to go to the Inmate Grievance Resolution Office. You will receive grievance assistance in the cell block after submitting a written request.
>
> Inmates on limited privileges will be allowed to attend meals, religious services (not study groups/classes), visits, mandated callouts, i.e., medical, Mental Health, Counselor, etc.
>
> Inmates wishing to be removed from this program must write to the Program Committee and accept the assignment recommended by the Program Committee.

*Id*.

In accordance with the policy outlined above, Plaintiff was placed on limited privileges without a hearing because he refused to accept the academic program assigned to him. Compl. at ¶ 4. Plaintiff was denied access to the law library, telephone, and commissary. *Id*. at ¶¶ 11-12. However, Defendant Grahamlater amended his policy to allow Plaintiff to use the law library one hour and forty-five minutes during the a.m. period.[3] *Id*. at ¶ 15. After filing a grievance, Plaintiff submitted a letter of complaint to Defendant Glenn S. Goord, Commissioner of the Department of Correctional Services (DOCS), to which he has received no response. *Id*. at ¶ 9.

## I. DISCUSSION

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Furthermore, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (citations omitted). Additionally, "[i]n assessing the legal sufficiency of a claim [under 12(b)(6)], the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." *Green v. New York State Dep't of Corr. Servs.*, 2003 WL 22169779, at *1 (N.D.N.Y. Aug. 27, 2003) (internal quotation marks and citations omitted) (alterations in original).

Pleadings submitted by *pro se* litigants "should be 'construed liberally,' *Tapia-Ortiz v. Doe*,

---

[3] It is unclear exactly which Defendant Plaintiff is referring to, but we assume he is referencing Defendant Graham.

171 F.3d 150, 152 (2d Cir. 1999) (per curiam)," and a complaint "should not be dismissed unless 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations[,]'" *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)).  A "dismissal on the pleadings is never warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." *Phillips v. Girdich*, 408 F.3d at 128.

## B.  Conspiracy Claims under 42 U.S.C § 1985

Plaintiff claims that Defendants conspired to deny him his constitutional rights in violation of 42 U.S.C. § 1985.  The third subsection of 42 U.S.C. § 1985, which is the only part of this statute applicable to the claims made in this case, states, in pertinent part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . , if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the Untied States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

To recover under this section, a plaintiff must show the existence of (1) a conspiracy (2) meant to deprive a person or persons of the equal protection of the laws or privileges and immunities under the laws with "(3) an overt act in furtherance of the conspiracy[,] (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States[,]" and (5) "some racial or perhaps otherwise class-based, invidious discriminatory animus[.]" *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (citations omitted).

In the case at bar, Plaintiff makes no claim that any of the Defendants acted with

discriminatory intent to deprive him of a constitutional right, no claim as to the existence of racial animus, and no claim that he belongs to a protected class that has been discriminated against.  Nor does Plaintiff claim that the policy was implemented in a discriminatory manner or motivated by anything other than the improved socialization and rehabilitation of inmates. Therefore, Plaintiff's § 1985 claim fails to state a claim upon which relief can be granted.  *See Hill v. Philip Morris USA*, 2004 WL 1065548 at * 6-7 (S.D.N.Y. May 11, 2004) (dismissing a § 1985 claim for lack of an adequate allegation of purposeful discriminatory animus).

In addition, "the intracorporate conspiracy doctrine, which provides that officers, agents, and employees of a single corporate entity are legally incapable of conspiring together[,]" applies to § 1985 claims.  *Orafan v. Goord*, 411 F. Supp. 2d 153, 164-65 (N.D.N.Y. 2006) (holding that the conspiracy claim failed because the alleged co-conspirators were all DOCS officials and employees acting within the scope of their employment) (internal citations and quotations omitted); *see also Scott v. Goord*, 2004 WL 2403853, at *13 (S.D.N.Y. Oct. 27, 2004).  There is an exception to the applicability of the intra-corporate conspiracy doctrine when individuals "pursue personal interests wholly separate and apart from the entity."  *Orafan v. Goord*, 411 F. Supp. 2d at 165 (internal quotations and citations omitted).

All of the Defendants were DOCS employees during the period relevant to Plaintiff's claims. Furthermore, they implemented a policy well within the scope of their employment.  The policy was designed specifically "to address inmate needs and to assist inmates to prepare for a successful transition to their families and communities upon release."  Dkt. No. 1, Ex. C, Inmate Placement Program Directive, dated May 19, 2003.  Therefore, the intra-corporate conspiracy doctrine applies and Plaintiff's § 1985 claim must be dismissed for that reason as well.

## C.  Conspiracy Claims under 18 U.S.C. § 241

Plaintiff claims Defendants violated his rights in violation of 18 U.S.C. § 241, which is a criminal statute prohibiting the violation of individuals' civil rights and does not provide for a private cause of action.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).  This claim must therefore be dismissed.

## D.  RICO Claim

Plaintiff claims the Defendants' policy violated the Racketeer Influenced and Corrupt Organizations Act (RICO), codified as 18 U.S.C. §§ 1961-1968.  While the RICO Act does afford civil remedies, *see* 18 U.S.C. § 1964, it is not a civil rights statute, but rather a vehicle to prosecute racketeering.  Racketeering, as defined in 18 U.S.C. § 1961(1), does not include general violations of individuals' civil rights, rather, it references various criminal acts such as murder, bribery, counterfeiting, embezzlement, fraud, etc.  In order to state a claim under RICO, it must be alleged that Defendants committed one of the substantive predicate acts specifically listed in § 1961(1).  *See Hall v. Tressic*, 381 F. Supp. 2d 101, 106 (N.D.N.Y. 2005).  Plaintiff makes no such allegation. Plaintiff's conclusory allegation that Defendants violated the RICO statute is insufficient to state a claim upon which relief can be granted.  Thus, Plaintiff's RICO claims against Defendants must be dismissed.

## E. Unserved Defendants

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period.  Specifically, the plaintiff must effectuate service of process within 120 days of the filing of the complaint.  FED. R. CIV. P.

4(m).[4]  Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, to dismiss the case without prejudice as to that defendant.  *Id.*

In this case, there is no indication that the Defendants named "Supervisory Staff" were properly served.  Although the courts must afford plaintiffs notice before they may dismiss a claim for failure to serve a defendant, FED. R. CIV. P. 4(m), in this case, because Plaintiff's claims lack merit, granting Plaintiff the opportunity to properly serve these unnamed Defendants would be futile. Thus, it is recommended that Plaintiff's claims against the Supervisory Staff be dismissed.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 16) be **GRANTED** and the Complaint (Dkt. No. 1) be **DISMISSED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

---

[4] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days.  N.D.N.Y.L.R. 4.1(b).

Date:   September 25, 2007
        Albany, N.Y.

_____
RANDOLPH F. TREECE
United States Magistrate Judge